UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. File No. 12-220 (PAM)

                        Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

Khaffak Sahib Ansari,

                        Defendant.

_____

This matter is before the Court on Defendant's Petition under 28 U.S.C. § 2255.[1] For

the reasons that follow, the Petition is denied.

**BACKGROUND**

On September 22, 2011, Defendant pled guilty to food stamp fraud in violation of 7

U.S.C. § 2024(b). This Court sentenced Defendant to a 41-month term of imprisonment on

May 8, 2012. This Court also ordered restitution in the amount of $2.4 million. Before his

voluntary surrender date, Defendant absconded to Central America. In September 2012,

Defendant was captured, brought back to the United States, and charged with failure to

surrender under 18 U.S.C. § 3146(a)(2).

On November 29, 2012, Defendant pled guilty and, after waiving his right to an

additional PSR, proceeded immediately to sentencing. The Court sentenced Defendant to

12 months and one day of imprisonment to run consecutive to the 41-month sentence

---

[1]  Defendant filed a previous Petition under 28 U.S.C. § 2255, but voluntarily
dismissed that Petition. (See Docket Nos. 31, 44, 45.)

imposed in the fraud case.

On January 3, 2013, Defendant filed a motion for extension of time to file a notice of appeal in which he set forth the basis for his appeal, but did not provide an explanation as to why he did not comply with the 14-day notice of appeal period.  (Docket No. 29.)  He simultaneously filed a Notice of Appeal with the Eighth Circuit.  (Docket No. 30.)  The Court denied the motion for an extension, concluding that Defendant had failed to show excusable neglect or good cause.  (Docket No. 32.)  The Eighth Circuit dismissed the appeal as untimely.  (Docket No. 40.)

Defendant raises the following three claims in his petition for habeas relief:  (1) that his counsel was ineffective for failing to challenge his criminal history score as set forth in the presentence investigation report ("PSR"); (2) his counsel was ineffective for failing to file an appeal; and (3) the Court erred in not allowing him an extension in which to file a notice of appeal.  None of Defendant's claims has merit.

**DISCUSSION**

**A.     Ineffective Assistance of Counsel**

In order to prove ineffective assistance of counsel, a petitioner must show deficient performance, that is, that "counsel's representation fell below an objective standard of reasonableness," and actual prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 688 (1984).  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the

particular case, viewed as of the time of counsel's conduct." Id. at 690.

### 1.    PSR Waiver

Defendant contends that his counsel was ineffective for failing to object to the PSR waiver and for failing to object to his criminal history score. Defendant implicitly contends that had the Court ordered an additional PSR, the Probation Office would have recommended a lower criminal history score in a new PSR. Defendant expressly waived this argument in his plea colloquy. The Court inquired in detail as to the PSR waiver and Defendant unequivocally informed the Court that he agreed to waive the PSR. (See Docket No. 38 at 15-17.) Defendant also told the Court that he understood that criminal history category IV would apply and that his sentencing range was 12-18 months. (Id. at 5; see also id. at 6, 18.) He neither objected to the criminal history category or the sentencing range during his plea colloquy or his sentencing.

Moreover, Defendant has not shown, nor can he, that a new PSR would have yielded a different criminal history score. Indeed, although Defendant was in criminal history category II when he was sentenced in the food-stamp fraud case, his score necessarily increased as a result of that offense. The parties properly determined that Defendant had an adjusted criminal history category of IV based on his fraud conviction and the fact that he committed the instant offense while under sentence in the fraud case. See U.S.S.G. § 4A1.1(a), (d). Therefore, even if Defendant could establish that his counsel was deficient, he cannot establish that he was prejudiced as a result. This claim fails.

### 2.    Appeal

Defendant next argues that his counsel was ineffective because he failed to contact Defendant within the appeal period, which precluded him from filing an appeal.[2] According to Defendant's Notice of Appeal, his sole basis for an appeal is the PSR waiver and criminal history calculation discussed above.  For the reasons set forth above, Defendant's appeal on this basis would have been futile.  Therefore, any error by his counsel was harmless.  This claim also fails.

## B.    Alleged Court Error

Defendant contends that Court abused its discretion in denying his motion for an extension of time in which to file an appeal.  As the Court determined in its Order, Defendant failed to establish excusable neglect or good cause as required by Rule 4(b)(4) of the Federal Rules of Appellate Procedure.  Defendant simply recited the basis for his appeal without explaining why he had not filed a timely appeal.  Based on the information before the Court at the relevant time, it properly denied the motion.

## C.    Certificate of Appealability

An individual seeking to appeal a final order in a proceeding under 28 U.S.C. § 2255 must first secure a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see

---

[2]  Even if Defendant's allegations are true, the record demonstrates that the Court twice advised Defendant of the 14-day appeal period, (see Docket No. 38 at 12, 23), and that he therefore had the information necessary to file a timely appeal on his own behalf.

also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate.").  Instead, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

As discussed, the Court is firmly convinced that Defendant's claims are baseless, and that reasonable jurists could not differ on the results given the nature of Defendant's arguments.  A COA is therefore denied.

**CONCLUSION**

Defendant's § 2255 Motion is meritless.  Accordingly, **IT IS HEREBY ORDERED** that:

1.    Defendant's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 (Docket No. 48) is **DISMISSED**;

2.    A Certificate of Appealability is **DENIED**; and

3.    The Petition is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>February 18, 2014</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge